**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
Docket No.: 26-mc-

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**XUEPENG XIE**<br><br>***Defendant.*** | APPLICATION FOR ORDER |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF SECURITIES ACT OF 1933 AND SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934 ENFORCING COMPLIANCE WITH A COMMISSION ORDER**

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), to enforce compliance by the Defendant Xuepeng Xie ("Xie" or "Defendant") with a final Commission order entered against him on September 27, 2021 (the "Order"). This Order, entered with Xie's consent, required Xie to pay disgorgement totaling $1,864,787 and prejudgment interest of $243,991 plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.60. A civil penalty of $600,000 was also entered against Xie plus interest pursuant to 31 U.S.C. § 3717.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission which found that Xie had violated Sections 17(a)(1) and 17(a)(3) the Securities Act and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder.

2. As of this filing, Xie has not fully satisfied his obligation to pay. Xie owes $629,704.11 in penalty and post judgment interest which grows by $16.44 each day pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600. He also owes $1,037,285 in disgorgement and post judgment interest on his disgorgement, which grows by $196.17 each day.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Xuepeng Xie is a 52 year-old man residing in Raleigh, North Carolina.

## \JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act.

6. Venue lies in the Eastern District of North Carolina under Section 27(a) of the Exchange Act. Xie is "found" and is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7. On September 27, 2021, the Commission issued an Order making findings and imposing remedial sanctions on consent against Xie, requiring him to pay disgorgement and a civil penalty.

8. Xie did not seek review of the Order, and his time to do so has expired.

9. These proceedings arise out of a fraudulent spoofing and layering scheme carried out by Xuepeng Xie to manipulate the stock prices of hundreds of thinly-traded stocks to reap approximately $1,864,787 in ill-gotten gains from at least August 2016 through February 2021.

10. On an almost daily basis for at least five years, and oftentimes multiple times per day, Xie manipulated the National Best Bid / Offer ("NBBO") of various thinly-traded stocks to ensure that he could buy stocks at artificially low prices and immediately sell the same stocks at artificially high prices. His scheme involved placing a series of visible, limit orders for a particular security on one side of the market at or just away from the NBBO that he did not intend to execute. The purpose of his non-bona fide limit orders was to create a false appearance of new or increased interest and thereby induce market participants to also place orders priced at or better than Xie's non-bona fide orders, thus artificially inflating or suppressing the market price of the security at issue to his advantage.

11. For example, Xie repeatedly placed visible, non-bona fide limit sell orders that established new National Best Offers ("NBO") – incrementally narrowing the NBBO from the offer side – to ensure that he could buy a security at an artificially low price. He then purchased the security via a market order using an account at a different broker-dealer to avoid detection of any wrongdoing and hide the fact that he was placing orders on both sides of the market at the same time. After buying the security at the artificially low price, Xie immediately (within seconds) canceled his visible sell orders. Then he repeated his spoofing from the opposite side of the market to pump up the price of the same security he just purchased. Specifically, he placed a series of visible, non-bona fide limit buy orders that established new National Best Bid ("NBB"), and effectively walked the price of the security up to a price point where he could sell the security via

a market order at a higher price than the price at which he purchased the security a few seconds earlier.

12. Xie engaged in this conduct on thousands of occasions and continued to trade in this manner despite receiving warnings from several of his broker-dealers that his trading practices were possibly illegal. For example, he was warned by a broker-dealer on July 12, 2018 that he had "potentially engaged in a manipulative trading practice called spoofing" and was given the details of his suspicious trading activity. Although Xie claimed that the trades identified by that broker-dealer were entered by mistake, and assured that he "now [understood] the concept of spoofing/layering" and even promised he would not engage in such practice again, Xie continued to carry out his manipulative trading scheme.

13. To avoid detection of his scheme by broker-dealers that maintained his accounts, Xie used multiple accounts at different broker-dealers to carry out his manipulative trading scheme. He generally used accounts at one particular broker-dealer to place his manipulative non-bona fide orders and then canceled almost all of these orders before they could be executed. He generally used accounts at other broker-dealers to place market orders on the opposite side of his non-bona fide orders to take advantage of the price movements that he created. To conceal his spoofing even further, Xie traded in his wife's accounts and in accounts opened in the name of a corporate entity, and he used these accounts to trade on the opposite side of his non-bona fide orders to give the appearance that someone other than him was on the opposite side of his non-bona fide trades.

14. Xie profited approximately $1,864,787 from his spoofing and layering scheme.

## ARGUMENT

15. The Commission brings this proceeding under Section 20(c) of the Securities Act and Section 21(e) of the Exchange Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

16. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

17. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

18. In such proceedings the Defendant may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

19. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Defendant to show cause why this Court should not enter an Order enforcing his compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

a. Xie shall pay a total of disgorgement of $1,037,285 and prejudgment and interest to the Securities and Exchange Commission.
.
b. Xie to each pay a civil penalty of $600,000 and applicable interest; and

III.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated: September 10, 2026

Respectfully submitted,

_/s/Christopher R. Thomson
CHRISTOPHER R. THOMSON
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
ThomsonC@sec.gov
Telephone: 202.551.6173
Attorney for Plaintiff
United States Securities and Exchange Commission