**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**Docket No.: 5:26-cv-00660-BO-BM**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>*Plaintiff,*<br>v.<br>**XUEPENG XIE**<br>*Defendant.* | **FINAL JUDGMENT** |

**FINAL JUDGMENT**

The Plaintiff, Securities and Exchange Commission (the "Commission"), applied to the Court for a Final Judgment pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") to enforce compliance by Xuepeng Xie ("Xie" or the "Defendant"), with a final Commission order entered against him on September 27, 2021, that required Defendant to pay disgorgement totaling $1,864,787 and prejudgment interest of $243,991 plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600. A civil penalty of $600,000 was also entered against the Defendant pursuant to 31 U.S.C. § 3717. Defendant consented to the entry of this Final Judgment, and it appearing to the Court that such a Final Judgment should enter, it is hereby:

**I.**

**ORDERED, ADJUDGED, AND DECREED** that the Commission Order is enforced against Defendant Xie.

**II.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant, as required by the Commission Order, owes $1,048,201.39 on disgorgement and prejudgment interest (consisting of $754,388.00 in unpaid disgorgement and prejudgment interest and $293,813.39 in post-order interest pursuant to Commission Rule of Practice 600) and $630,608.22 on the civil

penalty (consisting of $600,000.00 in unpaid civil penalty and $30,608.22 in post-order interest pursuant to 31 U.S.C. § 3717), for a total of $1,678,809.61 as of November 2, 2026, plus additional post-order interest of $199.61 per day and $16.44 per day, respectively, from November 3, 2026 through the day preceding entry of this Final Judgment. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date of the entry of this Final Judgment until the amount due is paid in full. Upon entry of this Final Judgment, interest pursuant to Commission Rule of Practice 600 and 31 U.S.C. § 3717 shall cease to accrue.

**III.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant shall make payment in one of the following ways:

(1) Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2) Defendant may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3) Defendant may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying the Defendant in this action, and the name of this Court and the docket number of this action; a copy of the cover letter and check or money order must be sent to Christopher Thomson, Securities and Exchange Commission, 100 F Street., NE, Mail stop 5631, Washington, DC 20549-5628. Upon such payments being fully made, the Commission will provide Defendant with a full satisfaction of judgment and discharge any judgment lien it may have docketed.

Amounts ordered to be paid as a civil money penalty pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Commission. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts giving rise to the Commission Order.

**IV.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, subject to the foregoing, may order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308.

**V.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, subject to the foregoing, may order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

**VI.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that nothing in this Final Judgment determines the ownership of, or any interest in, any particular property, or waives or limits any exemption, defense, or objection otherwise available to Defendant or any third party in any proceeding to collect or enforce this Final Judgment.

**VII.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VIII.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the findings in the Commission Order are true and admitted by Defendant and further, any debt for civil penalties or other amounts due by the Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

Dated: 11-13-26

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE